UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS 4115 Chesapeake Street, N.W., Washington, D.C. 20016 | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HIGH MOUNTAIN INSPECTION SERVICES, INC. 2000 WEST REVENUE STREET CASPER, WYOMING 82601 | ) ) ) ) |
| Serve: Registered Agent/Responsible Officer 2986 Herrington Casper, Wyoming 82601, | ) ) ) ) ) ) |
| Or | ) ) |
| Suzanne Fraser, President 2000 West Revenue Street Casper, Wyoming 82601 | ) ) ) ) |
| Defendant. | ) ) |

Civil Action No.

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS DUE TO EMPLOYEE BENEFIT FUND; TO ENJOIN VIOLATIONS OF ERISA AND FOR AN AUDIT)

### PARTIES

1.     Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central

Pension Fund of the International Union of Operating Engineers and Participating

Employers (hereinafter "Central Pension Fund").   The Central Pension Fund is an

employee benefit plan as that term is defined in Sections 3(1) and 3(3) of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1) and (3). The

Central Pension Fund is a multiemployer plan as that term is defined in Section 2(37) of

ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund is established and maintained

in accordance with its Restated Agreement and Declaration of Trust. The Central

Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W.,

Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central

Pension Fund is a designated fiduciary in accordance with the Central Pension Fund's

Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA,

29 U.S.C. § 1002(1). The Central Pension Fund is funded as required by collective

bargaining agreements between participating employers and local unions affiliated with

the International Union of Operating Engineers.

2.    Defendant High Mountain Inspection Services, Inc. is a Wyoming

Corporation with an office located at 2000 West Revenue Street, Caspar, Wyoming 82601,

and has at all times relevant to this action been an "employer in an industry affecting

commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5),

(9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of

1980, 29 U.S.C. §§ 1001a..

## JURISDICTION AND VENUE

3.    This is an action to collect contributions due to an employee benefit plan

under the terms of a participating agreement, restated agreement and declaration of trust,

and collective bargaining agreements, and an action to enjoin the violation of the terms of

employee benefit plan. This is also an action to enjoin violations of the terms of an

employee benefit plan. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

4.    This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5.    Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## COMMON FACTS

6.    Defendant has been signatory at all relevant times to Collective Bargaining Agreements with International Union of Operating Engineers Local No. 2 and its successor Local 112 that governs the wages, benefits and terms and conditions of employment of apprentice and journeymen performing work covered by the Agreements. Defendant, through the Collective Bargaining Agreements, is bound by the rules and regulations as adopted by the Trustees of the Central Pension Fund.

7.    Defendant has been signatory at all relevant times to a Participating Agreement with the Central Pension Fund. Defendant, through this Participating Agreement, is bound by the Restated Agreement and Declaration of Trust establishing the Central Pension Fund.

8.    Pursuant to the Collective Bargaining Agreements and Participating Agreement, Defendant agreed to pay to the Central Pension Fund certain sums of money for each hour worked by employees of the Defendant performing work covered by the Collective Bargaining Agreements. Reports for hours worked by employees must be sent no later than the 10th day of the month following the month in which the work was performed.

9. Between the period of January 2002 through August 2005, and to the present, Defendant has employed employees performing work under the Collective Bargaining Agreements.

10. During the time noted above, Defendant failed to report certain employees performing work under the Collective Bargaining Agreements.

11. During the time noted above, Defendant failed to report all hours worked by employees.

12. During the time noted above, Defendant failed to pay the proper hourly rate for each hour worked by employees under the Collective Bargaining Agreements and Participating Agreement.

13. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

14. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for interest at the rate of 9% simple interest.

15. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for all costs, audit expenses and attorney attorneys' fees.

16. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer is obligated to supply records necessary to permit the Central Pension Fund to determine if the employer is making the required payments.

4

## COUNT I

### (UNPAID CONTRIBUTIONS TO EMPLOYEE BENEFIT FUND
### ERISA SECTIONS 515 AND 502)

17.    Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth in this Count I.

18.    Defendant failed to pay contributions for the months of January 2002 through August of 2005.

19.    By virtue of the failure to remit contributions as contractually required, Defendant is in contravention of the Collective Bargaining Agreements, Participating Agreement, and its obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust to which it is bound, and Sections 502 and 515 of ERISA.

20.    Defendant has failed to pay liquidated damages and interest for delinquent contributions owed to the Central Pension Fund.

21.    The Central Pension Fund is thus entitled to judgment for all contributions owed, plus liquidated damages, interest, costs, audit and attorneys fees.

## COUNT II

### (INJUNCTION AND AUDIT)

22.    Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 21 as if fully set forth in this Count II.

23.    Defendant, pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust and Participating Agreement, agreed to make timely contributions to the Central Pension Fund in the amounts and on the dates required by the Collective Bargaining Agreements and Participating Agreement in order to maintain the plan of benefits provided by the Central Pension Fund.

24.    Defendant has repeatedly failed to submit contributions to the Central Pension Fund in violation of the requirements of the Central Pension Fund's Restated Agreement and Declaration of Trust, Participating Agreement and the Collective Bargaining Agreements.

25.    The Defendant has failed, and continues to fail, to submit contributions to the Central Pension Fund in violation of the Central Pension Fund's Restated Agreement and Declaration of Trust from September 2005 to the present.

26.    This persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of an employee benefit plan and threatens the Central Pension Fund and the Fund's beneficiaries with irreparable harm if injunctive relief is not granted.

27.    By virtue of the failure to make timely and complete payments, the Defendant have caused the Central Pension Fund to suffer the loss of investment income and additional administrative expenses as well as deprived the Central Pension Fund of the ability to accurately determine the amount of contributions owed during that time period.

28.    The Central Pension Fund is substantially likely to succeed on the merits of its allegations.

29.    Injunctive relief will not harm Defendant to a greater extent than that which the Central Pension Fund will suffer absent an injunction.

30.    The public interest will be served by an issuance of injunctive relief.

31.    An audit of the Defendant's records will permit the Central Pension Fund to determine amounts owed.

32.    The allegations in paragraph 25 are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery into the payroll and other records of the Defendant.

**WHEREFORE,** Plaintiff prays judgment for Counts I and II against Defendant as follows:

A.    For contributions due and owing to the Central Pension Fund in the amount of $508,219.30 for the months of January of 2002 through August of 2005 for under-reported hours.

B.    For contributions due and owing to the Central Pension Fund in the amount of $1,041,636.34 for the months of January of 2002 through August of 2005 for under paid contributions.

C.    For liquidated damages for late payment of the contributions owed as provided for in the Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) in the amount of $311,971.13.

D.    Costs, interest, audit and reasonable attorneys fees as required by 29 U.S.C. § 1132(g)(2).

E.    For an audit of the Defendant's records to determine if additional amounts are owed for work performed after August of 2005.

F.    For any and all contributions, liquidated damages, and interest owed to the Central Pension Fund which become due after August of 2005 and after the filing of this lawsuit and up to the date of judgment plus costs, interests, audit and reasonable attorneys' fees pursuant to the Restated Agreement and Declaration of Trust, and 29 U.S.C. § 1132(g)(2).

G.    Any additional sums that may be owing to the Central Pension Fund as determined by this Court, plus interest and liquidated damages as required under the Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2).

H.    For a Court Order preliminarily enjoining the Defendant's violations as alleged in this Complaint, requiring Defendant to submit timely contributions to the Central Pension Fund, and requiring Defendant to immediately submit the unpaid contributions, liquidated damages and interest to the Central Pension Fund in accordance with 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E)

I.    Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  December 26, 2006

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200

By: _____
Charles W. Gilligan (Bar No. 394710)

By: _____
R. Richard Hopp (Bar No. 432221)

*Attorneys for the Plaintiff*

8

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this *20th* day of December, 2006 on the following:

    (1)    Secretary of the Treasury
                Internal Revenue Service
                P.O. Box 13163
                Baltimore, MD 21203

                Attention: Employee Plans

    (2)    Secretary of Labor
                200 Constitution Avenue, N.W.
                Washington, D.C. 20210

                Attention: Assistant Solicitor
                for Plan Benefits Security

_____

R. Richard Hopp

149279_1.DOC

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Michael R. Fanning, C.E.O., 4115 Chesapeake St., NW, Washington, D.C. 20016

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**                      11001

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Charles W. Gilligan, R. Richard Hopp, O'Donogh & O'Donoghue LLP, 4748 Wisconsin Ave., NW, Washington, D.C. 20016; 202-362-0041

## DEFENDANTS

High Mountain Inspection Services, Inc., 2000 West Revenue St., Casper, WY 82601

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION

CASE NUMBER 1:06CV02177

JUDGE: Richard J. Leon

DECK TYPE: Labor/ERISA (non-employme

DATE STAMP: 12/21/2006

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil |
|---|---|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ◉ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 Americans w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Section 502 of ERISA, 29 U.S.C. § 1132, to collect contributions due to employee benefit fund

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ $1,549,855.64 JURY DEMAND: | Check YES only if demanded in complaint YES ☐ NO ☒ |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES ☐ NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE   12/20/2006      SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.