UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING, as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, 4115 Chesapeake Street, N.W. Washington, DC  20016,<br><br>    Plaintiff,<br><br>        v.<br><br>HIGH MOUNTAIN INSEPCTION SERVICE, INC. 2000 West Revenue Street Casper, Wyoming  82601,<br><br>    Defendant. | Civil Action No. 06-2177 (RJL) |

### ANSWER

Defendant High Mountain Inspection Services, Inc. ("Defendant"), by and through its attorneys, Ford & Harrison LLP, states in answer to the Complaint:

AS TO PARTIES

1.      Defendant admits that Michael R. Fanning is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund").  Defendant further admits that the Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, DC 20016.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 1.

2.      Defendant admits the allegations contained in paragraph 2.

## AS TO JURISDICTION AND VENUE

3. Defendant admits that this Court has jurisdiction over Plaintiff's claims in this action pursuant to Section 502(a)(3), (g), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132(a)(3), (g) and 1145, as Plaintiff purports to assert claims pursuant to Section 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. 1132(a)(3), (g) and 1145, but denies that there exists any basis in fact or law for Plaintiff's claims.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

## AS TO COMMON FACTS

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 13. To the extent that a response is required, Defendant denies the allegations in paragraph 13.

14. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 14. To the extent that a response is required, Defendant denies the allegations in paragraph 14.

15.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 15.  To the extent that a response is required, Defendant denies the allegations in paragraph 15.

16.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 16.  To the extent that a response is required, Defendant denies the allegations in paragraph 16.

## AS TO COUNT I
(Unpaid Contributions To Employee Benefit Fund ERISA Sections 512 and 502)

17.     Defendant repeats and incorporates its responses to paragraphs 1 through 16 as if fully set forth herein.

18.     Defendant denies the allegations contained in paragraph 18.

19.     Defendant denies the allegations contained in paragraph 19.

20.     Defendant denies the allegations contained in paragraph 20.

21.     Defendant denies the allegations contained in paragraph 21.

## AS TO COUNT II
(Injunction and Audit)

22.     Defendant repeats and incorporates its responses to paragraphs 1 through 21 as if fully set forth herein.

23.     Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 23.  To the extent that a response is required, Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations contained in paragraph 24.

25.     Defendant denies the allegations contained in paragraph 25.

26.     Defendant denies the allegations contained in paragraph 26.

27.   Defendant denies the allegations contained in paragraph 27.

28.   The allegations contained in paragraph 28 constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in paragraph 28.

29.   Defendant denies the allegations contained in paragraph 29 and avers that injunctive relief will force Defendant into bankruptcy under Chapter 11 of the Internal Revenue Code.

30.   The allegations contained in paragraph 30 constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in paragraph 30.

31.   Defendant denies, as phrased, the allegations contained in paragraph 31 and avers that an audit of its records may permit Plaintiff to determine amounts owed.

32.   Defendant denies the allegations contained in paragraph 32.

## AS TO PRAYER FOR JUDGMENT

33.   Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer for Judgment for Counts I and II.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted or upon which the relief sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

The Central Pension Fund has waived any claim it may have, which is denied, to seek some or all of the relief sought against Defendant.

### THIRD AFFIRMATIVE DEFENSE

The Central Pension Fund is estopped and barred by its conduct from recovering some or all of the relief sought in this action.

### FOURTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and in accordance with the applicable collective bargaining agreement, trust agreement, law, rule, regulation, or guideline and has not violated any rights which may be secured to Plaintiff under any applicable collective bargaining agreement, trust agreement, law, rule, regulation, or guideline.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the contributions described in the audit report which form the basis for Plaintiff's claims in this action are calculated based upon work not covered by any collective bargaining agreement executed by Defendant. Accordingly, Plaintiff has no authority to seek contributions of any of the other relief sought in this action from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

All necessary parties have not been joined in this action.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

Defendant reserves the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

WHEREFORE, Defendant requests judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs of suit, and such other relief as the Court may deem appropriate.

Dated: this 20th day of February, 2007         Respectfully submitted,


By:_____/s/ Alison N. Davis_____
    Alison N. Davis, DC Bar No. 429700
    Kevin M. Kraham, DC Bar No. 459077
    FORD & HARRISON LLP
    1300 19th Street, N.W., Suite 700
    Washington, DC  20036
    Tel  (202) 719-2000
    Fax  (202) 719-2077
    adavis@fordharrison.com
    kkraham@fordharrison.com

    Attorneys for Defendant High Mountain Inspection Service, Inc.

DC:64655.1