UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING,<br><br>    Plaintiff,<br><br>        v.<br><br>HIGH MOUNTAIN INSPECTION SERVICE, INC.,<br><br>    Defendant. | Civil Action No. 06-2177 (RJL) |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME IN WHICH TO OPPOSE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO RESCHEDULE PRELIMINARY INJUNCTION HEARING, AND SUPPORTING <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

COMES NOW Defendant High Mountain Inspection Service, Inc. ("Defendant"), by and through its counsel, and, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, moves this Court for entry of an Order extending its time for opposing Plaintiff Michael R. Fanning's ("Plaintiff") Motion for Preliminary Injunction (Docket No. 3), and Plaintiff's time to reply, and rescheduling the preliminary injunction hearing currently scheduled for March 5, 2007, at 3:00 p.m. In support of its motion, Defendant states as follows:

1.      On or about December 21, 2006, Plaintiff filed a two-count delinquent contribution Complaint against Defendant under the Employee Retirement Income Security Act of 1974. Plaintiff contends that Defendant is liable for unpaid contributions to the applicable multiemployer pension fund, and seeks liquidated damages, interest, costs, and audit and attorneys' fees. Plaintiff further contends that he is entitled to injunctive relief.

2. Defendant was served with Plaintiff's Complaint and Motion for Preliminary Injunction on January 29, 2007, in Casper, Wyoming, where Defendant is headquartered. Defendant's Answer thereby was due on February 20, 2007.

3. Plaintiff filed his Motion for Preliminary Injunction on February 12, 2007 (Doc. Nos. 3-7).

4. On February 13, 2007, the Court set a briefing schedule, whereby Defendant's opposition was due on February 22, 2007, and a hearing was set for March 5, 2007.

5. Due to Defendant's principal place of business being in Wyoming and its lack of familiarity with counsel in the District of Columbia, counsel for Defendant was only retained to defend Defendant's interests in this matter on February 16, 2007. Ex. A. (Decl. of Suzanne Frazer, ¶ 4).

6. On February 16, 2007, counsel for Defendant advised Plaintiff's counsel by telephone that they had been retained and sought Plaintiff's consent in requesting an extension of the deadline by which Defendant must oppose Plaintiff's Motion for Preliminary Injunction. Plaintiff's counsel could not obtain Plaintiff's consent to the relief sought prior to the close of business, which was the day before the commencement of the Presidents' Day holiday weekend.

7. Defendant requires additional time to adequately investigate the claims set forth in Plaintiff's Motion for Preliminary Injunction before opposing Plaintiff's Motion for Preliminary Injunction and proceeding to a preliminary injunction hearing.

8. Defendant is headquartered in Casper, Wyoming. The documents required to be compiled and analyzed in connection with this lawsuit are physically

located in Casper, Wyoming. In addition, Defendant's witnesses, including Douglas Ferguson (Defendant's trustee and the individual most knowledgeable about the Defendant's finances, including payroll), are located in Wyoming. Mr. Ferguson is a solo certified public accountant whose availability to assist counsel for Defendant over the next several weeks is extremely limited due to business demands related to the upcoming income tax-filing deadline. Ex. A at ¶ 3.

9.  Plaintiff will not be prejudiced if Defendant is allowed additional time to adequately investigate this matter before responding to Plaintiff's Motion for Preliminary Injunction and the preliminary injunction hearing is rescheduled. Contrary to Plaintiff's apparent information or belief, Defendant has not liquidated assets, is not liquidating assets, and has no intention to liquidate assets to avoid satisfying any potential award in this case. Ex. A. at ¶ 5.

10. In an effort to resolve the issue of Defendant requiring additional time to investigate this matter before opposing Plaintiff's Motion for Preliminary Injunction in an amicable and efficient matter, and, in accordance with Local Civil Rule 7(m), counsel for the parties again conferred by telephone on February 20, 2007. Plaintiff indicated that he still had not had the opportunity to discuss with Plaintiff whether he would consent to the relief sought herein. Rather than wait until the eleventh hour to advise the Court of the foregoing, Defendant is filing this Motion.

11. Accordingly, given the foregoing circumstances, Defendant seeks to:

(a) extend its deadline for opposing Plaintiff's Motion for Preliminary Injunction from February 22, 2007, to March 23, 2007, or an alternative date of the Court's choosing;

      (b)      extend Plaintiff's deadline for replying to Defendant's opposition to Plaintiff's Motion for Preliminary Injunction from March 1, 2007, to March 30, 2007, or an alternative date of the Court's choosing; and

      (c)      reschedule the preliminary injunction hearing to April 9, 10, or 12, 2007, at a time of the Court's choosing, or an alternative date and time of the Court's choosing.[1]

12.    This is Defendant's first request for an extension.

13.    A proposed order granting the relief sought herein is provided herewith.

WHEREFORE, Defendant High Mountain Industrial Service, Inc. respectfully urges this Court to grant this motion.

Dated: this 20th day of February, 2007    Respectfully submitted,

By:    /s/ Alison N. Davis
Alison N. Davis, DC Bar No. 429700
Kevin M. Kraham, DC Bar No. 459077
FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036
Tel (202) 719-2000
Fax (202) 719-2077
adavis@fordharrison.com
kkraham@fordharrison.com

Attorneys for Defendant High Mountain Inspection Service, Inc.

DC:64650.1

---

[1] These dates are convenient for all parties in the case. Case Mgmt. Order, ¶ 4 (Doc. No. 2). Plaintiff's counsel, however, has indicated that he does not waive his right to oppose Defendant's request for an extension of deadlines.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING,<br><br>    Plaintiff,<br><br>        v.<br><br>HIGH MOUNTAIN INSPECTION SERVICE, INC.,<br><br>    Defendant. | Civil Action No. 06-2177 (RJL) |

**DECLARATION OF SUZANNE FRASER**

I, Suzanne Fraser, make the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.   I am over eighteen (18) years of age, have personal knowledge of the facts set forth herein, am competent to so testify, and state that said facts are true.

2.   I am President of High Mountain Inspection Service, Inc. ("High Mountain Inspection" or "the Company"). In my capacity as President, I was served with a copy of the Complaint and Motion for Preliminary Injunction in the above-referenced matter on January 29, 2007, in Casper, Wyoming.

3.   High Mountain Inspection is headquartered in Casper, Wyoming. The documents required to be compiled and analyzed in connection with the above-referenced lawsuit are physically located in Casper, Wyoming. In addition, the Company's witnesses, including Douglas Ferguson (High Mountain Inspection's trustee and the individual most knowledgeable about the Company's finances, including payroll), are located in Wyoming. Mr. Ferguson is a solo certified public accountant whose

availability over the next several weeks is extremely limited due to business demands related to the upcoming income tax-filing deadline.

    4.     High Mountain Inspection retained Ford & Harrison LLP to represent the Company in connection with the above-referenced lawsuit on February 16, 2007. It took High Mountain Inspection a couple of weeks to find and secure legal representation familiar with the subject matter of the above-referenced lawsuit due to our place of business being in Wyoming and my lack of familiarity with labor counsel in the District of Columbia.

    5.     High Mountain Inspection has not liquidated, is not liquidating, and does not plan to liquidate any assets in response to the above-referenced lawsuit or the audit at issue. High Mountain Inspection currently is a solvent corporation.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of February, 2007, in Casper, Wyoming.

                                                   /s/ Suzanne Fraser
                                               SUZANNE FRASER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING,

    Plaintiff,

    v.

HIGH MOUNTAIN INSPECTION SERVICE, INC.,

    Defendant.

Civil Action No. 06-2177 (RJL)

## ORDER

Upon consideration of Defendant's Motion for Extension of Time in Which to Oppose Plaintiff's Motion for Preliminary Injunction and to Reschedule Preliminary Injunction Hearing, Plaintiff's opposition thereto, the entire record herein, and for good cause shown it is, this _____ day of _____, 2007, hereby

    **ORDERED** that Defendant's Motion is GRANTED; and it is further

    **ORDERED** that the following deadlines are established:

    1.    Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction shall be filed by:

        ☐    March 23, 2007

        ☐    _____

    2.    Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction shall be filed by:

        ☐    March 30, 2007

        ☐    _____

3.   A preliminary injunction hearing has been set for:

☐   April 9, 2007 at _____ am / pm

☐   April 10, 2007 at _____ am / pm

☐   April 12, 2007 at _____ am / pm

☐   _____ at _____ am / pm

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

Copies to:
Attorneys of Record Via ECF