UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL R. FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**HIGH MOUNTAIN INSPECTION SERVICES, INC.** )<br>)<br>**Defendant.** ) | CA No.: 06cv02177-RJL |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXTENTION OF TIME**

    Plaintiff, Michael R. Fanning, Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, through undersigned counsel, hereby opposes the Defendant's request for a one-month enlargement of time, and for reasons state as follows:

    1.    The Defendant was properly served with the Motion for Preliminary Injunction and all related papers on January 29, 2007. The Court ordered the Defendant's opposition to be filed twenty-four days later, on February 22, 2007. Thus, the Court's order already permits an amount of time that is longer than the eleven day period normally provided for opposition materials as established by Local Rule 7(b).

    2.    The Defendant proposes to enlarge the period for its opposition from February 22, 2007, until more than one month later, to March 23, 2007. The Defendant provides no good cause to establish why such a long period of time is necessary in this case, a period of time which is far longer than the period ordinarily permitted under Local Rule 7(b) for opposition papers.

    3.    The Defendant's Motion for Extension of Time entirely ignores this Court's Local Rule 65.1(d), which establishes that hearings on motions for preliminary injunctions are heard within twenty days after the motion is filed. The March 5, 2007, hearing date already scheduled

by the Court is consistent with Local Rule 65.1(d).  The Defendant's have established no good cause for the Court to ignore Local Rule 65.1(d) and reschedule the hearing date, at the earliest, for a date 87 days after filing.

4.      The Defendant offers no good cause to establish why the Plaintiff should be required to continue to experience irreparable harm for another six weeks while the Defendant prepares opposition materials.  Notably, the Defendant has failed to propose posting a bond or other security to address the irreparable harm caused to the Plaintiff during the extremely long extension of time requested.

5.      There is nothing complex or complicated about the Plaintiff's request for preliminary injunction – factually or legally.  There is no dispute in this case that the Defendant is bound to collective bargaining agreements requiring the payment of contributions to the Plaintiff.  Indeed, the Defendant has admitted this fact in its Answer.  (Complaint Paragraph 6; Answer Paragraph 6.)  Given the extremely limited defenses available to the Defendant in this case, there is no reason why Defendant's counsel requires a one-month extension of time to research the legal issue of whether or not the Plaintiff is likely to succeed on the merits.  See, e.g., Agathos v. Starlite Motel, 977 F.2d 1500, 1505 (3rd Cir. 1992) (only three defenses are available to a delinquent employer under Section 515 of ERISA); Hotel Employees and Restaurant Employees Int'l Union Welfare/Pension Funds v. Caucus Club, Inc., 754 F. Supp. 539, 544 (E.D. Mich. 1991) (simple collection actions brought by plan trustees have been converted into lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plans' entitlement to the contributions, and that Section 515 of ERISA was an attempt to simplify delinquency collection).

6.      Similarly, the straightforward nature of the Plaintiff's claims do not require any complicated analysis to determine whether or not the public interest is served by injunctive

relief.  To be sure, the very statute at issue in this case establishes that the public interest is served by an injunction:

> Congress made it abundantly clear that an employer would not be permitted to circumvent or ignore its funding, payment and other obligations under ERISA.  The legislative history underlying section 502 indicates that Congress intended that the enforcement provisions should have teeth:  the provisions should be liberally construed "to provide both the Secretary and participants and beneficiaries with broad remedies for redressing or preventing violations of the Act."

<u>Laborers Fringe Benefit Funds v. Northwest Concrete & Const., Inc.</u>, 640 F.2d 1350, 1352 (6th Cir. 1981) (citations omitted).

7.    Finally, the Plaintiff's Motion for Preliminary Injunction establishes that the Plaintiff will experience irreparable harm in this case.  As such, the immediate focus should be on the *Plaintiff's* irreparable harm.  As such, there is no need for extensive investigation and "analysis" of records in Wyoming because the Central Pension Fund, its books, records and auditors, are all located in Washington, D.C.

Accordingly, the Plaintiff respectfully requests that the Court deny the Defendant's Motion for Extension of Time and that the hearing on the Plaintiff's Motion for Preliminary Injunction be held as scheduled and in accordance with Local Rule 65.1(d).

Dated:  February 21, 2007                               Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C.  20016
Telephone: (202) 362-0041
Facsimile: (202) 237-1200

*/s/R. Richard Hopp*
Charles W. Gilligan (Bar No. 394710)
R. Richard Hopp (Bar No. 432221)

*Attorneys for the Central Pension Fund*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL R. FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND**  )<br>)<br>)<br>**Plaintiff,**  )<br>)<br>**v.**  )<br>)<br>**HIGH MOUNTAIN INSPECTION SERVICES, INC.**  )<br>)<br>**Defendant.**  ) | CA No.: 06cv02177-RJL |

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February 2007, Plaintiff's Opposition to the Defendant's Motion for Enlargement of Time was served by first class mail, postage prepaid, and by the Court's electronic filing system on the following:

Alison N. Davis
Kevin M. Kraham
Ford & Harrison LLP
1300 – 19th Street, N.W., Suite 700
Washington, D.C. 20036
*Attorneys for Defendant*

151999_1

　　　　　　　　　　　　　　　　　*/s/R. Richard Hopp*
　　　　　　　　　　　　　　　　　R. Richard Hopp