UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL FANNING,<br><br>          Plaintiff,<br><br>     v.<br><br>HIGH MOUNTAIN INSPECTION SERVICES, INC.,<br><br>          Defendant. | Civil Action No. 06-2177 (RJL) |

**DEFENDANT HIGH MOUNTAIN INSPECTION SERVICES, INC.'S REPLY TO PLAINTIFF MICHAEL FANNING'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Defendant High Mountain Inspection Services, Inc. ("HMIS" or "Defendant") files this Reply Memorandum in Support of its Motion for Extension of Time to respond to Plaintiff Michael Fanning's Motion for Preliminary Injunction and for Plaintiff's reply thereto and to reset the preliminary injunction hearing.

As set forth more fully below, Plaintiff's opposition is replete with faulty assumptions regarding the purpose of Defendant's request for an extension. Plaintiff disregards the fact that the Court's rules grant it a great deal of discretion in setting a schedule for a preliminary injunction hearing. Plaintiff moreover ignores the fact that HMIS has established good cause for the Court to grant its request for an extension of time – its recent retention of District of Columbia counsel.

HMIS is not attempting to convert this matter into lengthy, costly, and complex litigation by requesting an extension of time. HMIS has no interest in prolonging this litigation. In fact, HMIS would have preferred to attempt to resolve this matter without litigation, but was denied that opportunity. Instead, it seeks additional time to allow its counsel to conduct an adequate

inquiry of Plaintiff's assertions in the motion for preliminary injunction. HMIS diligently sought labor counsel upon being served, but was only successful in retaining counsel a mere one (1) business day prior to the date on which it had to respond to the Complaint. Just as Plaintiff precipitously filed suit without providing HMIS with the opportunity to address some of the November 10, 2006, findings of the audit which was conducted in September 2005, he now does not wish to allow HMIS' counsel – which was retained a mere three (3) business days prior to the date which the Court set for HMIS to file its opposition to the motion for preliminary injunction – the time to investigate the allegations in this case. In sharp contrast to Plaintiff, who had one (1) year to analyze the audit information before filing suit, HMIS merely seeks a 30-day extension of the dates set in the Court's February 13th Scheduling Order.

  While the defenses available to an employer participant in a multiemployer plan may be limited in a delinquent contribution action under the Employee Retirement Income Security Act of 1974 ("ERISA"), they are far from non-existent. The mere fact that an auditor for the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("the Central Fund") concluded that HMIS has not paid pension contributions in full is not a *per se* violation of ERISA which automatically entitles the Central Fund to the amount allegedly owed. Just like all human beings, auditors are not infallible. While there may not be a dispute regarding HMIS' obligation to make contributions under the collective bargaining agreement, the parties do not necessarily agree with the auditor's analysis of the employer's records with regard to its calculation of the amount owed or classification of employees. Plaintiff, not HMIS, chose to file this lawsuit in the District of Columbia, more than 1,800 miles from Defendant's principal place of business, and the relevant documents and witnesses. Consequently, it will take some

time for counsel for HMIS to gather the information necessary to respond effectively to Plaintiff's motion.

There is no basis for Plaintiff's attempt to cast aspersion on HMIS for not posting a bond. Other than Plaintiff's self-serving statements, there has been no finding that HMIS is causing the Central Fund irreparable harm. Regardless, Plaintiff provides no authority for his assertion that HMIS should have posted a bond when it requested an extension of time to respond to a motion for preliminary injunction. In fact, there is no basis for Plaintiff faulting HMIS for not proposing to post a bond. There is no requirement under either Rule 6 of the Federal Rules of Civil Procedure or Local Civil Rule 16.1 that a party who requests an extension of time post a bond or any other security. To the contrary, it is the party seeking a preliminary injunction who may be required to post a bond to ensure any harm that comes to a wrongfully enjoined party can be compensated. Rule 65(c) provides:

> No restraining order or *preliminary injunction* shall issue except upon the giving of security by the *applicant*, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred by any party who is found to have been wrongfully enjoined or restrained.

Fed. R. Civ. P. 65(c) (emphasis added).

By requesting an extension of time, HMIS is not contending that Plaintiff is not entitled to a preliminary injunction. That is for the Court to decide on another day. HMIS simply is requesting that its counsel be permitted a reasonable amount of time to prepare a response to Plaintiff's request for a preliminary injunction. The Local Rules leave it to the Court's discretion to set the date for a party to oppose a motion and to hold a preliminary injunction hearing. Local Civil Rule 7(b) provides, "Within 11 days of the date of service or *at such time as the Court may direct*, an opposing party shall serve and file a memorandum of points and authorities . . . ."

LCvR 7(b) (emphasis added). Local Civil Rule 65.1(d) provides that the Court may set a hearing date more than 20 days after the filing of a motion for preliminary injunction if it will not prejudice the parties. LCvR 65.1(d). Allowing HMIS adequate time to more fully investigate Plaintiff's claims will not prejudice Plaintiff, who waited more than a year after conducting the audit to file suit. Moreover, Local Civil Rule 65.1(d) requires that if a party moving for a preliminary injunction desires a hearing within 20 days of filing, it must make a specific request accompanied by a statement of facts which makes expeditious resolution essential. *Id.* Plaintiff did not do so here.

For the foregoing reasons, and for those set forth in its Motion, HMIS respectfully urges the Court to grant it additional time to oppose Plaintiff's Motion for a Preliminary Injunction.

Dated: February 21, 2007                    Respectfully submitted,


By:    /s/ Alison N. Davis
    Alison N. Davis, DC Bar No. 429700
    Kevin M. Kraham, DC Bar No. 459077
    FORD & HARRISON LLP
    1300 19th Street, N.W., Suite 700
    Washington, DC 20036
    Tel (202) 719-2000
    Fax (202) 719-2077
    adavis@fordharrison.com
    kkraham@fordharrison.com

    Attorneys for Defendant High Mountain Inspection Services, Inc.

DC:64713.1