UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE : 
OFFICER OF THE CENTRAL PENSION FUND, :
:
      Plaintiff,   :  CA No.: 06cv02177-RJL
:
v. :
:
HIGH MOUNTAIN INSPECTION SERVICES, :
INC., :
:
      Defendant.   :

## JOINT LOCAL CIVIL RULE 16.3(d) REPORT AND DISCOVERY PLAN

Plaintiff and Defendant, pursuant to the Court's December 27, 2006, Case Management Order, Local Civil Rule 16.3 and Federal Rules of Civil Procedure 16 and 26(f), hereby provide the following information to the Court:

1. The parties have agreed to dispense with initial disclosures.

2. This case is likely to be resolved by motions for summary judgment.

3. Deadline to join additional parties and amend the pleadings: May 18, 2007.

4. The parties do not believe this case should be assigned to a Magistrate Judge for all purposes.

5. The parties' positions with respect to whether this case can benefit from ADR are as follows: The Plaintiff has requested a settlement offer from the Defendant and is unable to determine whether or not this case could benefit from ADR until an initial offer is made. The Plaintiff expects that this case would benefit from mediation after the close of discovery. The Defendant believes this case should be assigned to a Magistrate Judge for mediation as soon as possible.

6. Deadline for motions: October 31, 2007.

7. In addition to written discovery, the depositions of the parties may be necessary as well as one or two third-party witnesses. No additional limits are needed on discovery other than those already established in the Local Civil Rules. Deadline to complete discovery, except expert witness depositions: July 31, 2007.

8. Deadline to disclose expert witnesses and provide expert reports: July 31, 2007, with counter-designations and reports no later than August 18, 2007. Expert depositions to be completed no later than September 22, 2007.

9. The parties agree no bifurcation of the trial or discovery is necessary.

10. The parties agree a pretrial conference should be scheduled 30 days after the Court rules on motions for summary judgment.

11. The parties agree a trial date should be scheduled at the pretrial conference.

12. Each party's one-page statement of the case is attached.


Dated: April 5, 2007        By:    /s/ R. Richard Hopp
                                   Charles W. Gilligan, DC Bar No. 394710
                                   R. Richard Hopp, DC Bar No. 432221
                                   **O'DONOGHUE & O'DONOGHUE LLP**
                                   4748 Wisconsin Avenue, N.W.
                                   Washington, D.C. 20016
                                   (202) 362-004 – Telephone
                                   (202) 237-1200 – Facsimile

                                   Attorneys for Plaintiff


                            By:    /s/ Kevin M. Kraham
                                   Alison N. Davis, DC Bar No. 429700
                                   Kevin M. Kraham, DC Bar No. 459077
                                   **FORD & HARRISON LLP**
                                   1300 19th Street, N.W., Suite 700
                                   Washington, DC 20036
                                   (202) 719-2000 – Telephone
                                   (202) 719-2077 – Facsimile

                                   Attorneys for Defendant


153243_1

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE :
OFFICER OF THE CENTRAL PENSION FUND, :
:
    Plaintiff,                              : CA No.: 06cv02177-RJL
:
    v.                                          :
:
HIGH MOUNTAIN INSPECTION SERVICES, :
INC., :
:
    Defendant.                            :

## PLAINTIFF'S STATEMENT OF THE CASE

The Central Pension Fund provides retirement, disability and survivor and death benefits to employees working in the engineering industry throughout the United States. High Mountain is bound to a collective bargaining agreement which, in Articles I and XXII, requires it to pay contributions for each hour worked by "all employees" engaged in "pipeline and directly related pipeline non-destructive testing." The Central Pension Fund hired Calibre CPA Group, PLLC, to conduct an audit of High Mountain's payroll records for the period of January 2002 through August of 2005. Calibre CPA Group determined that High Mountain owes contributions to the Central Pension Fund in the total amount of $1,549,855.64. The Plaintiff's cause of action is authorized by ERISA. 29 U.S.C. §§ 1132(a) and 1145. In addition to the delinquent contributions owed to the Central Pension Fund, ERISA authorizes the Plaintiff to recover interest, liquidated damages and attorneys' fees and costs. 29 U.S.C. § 1132(g).

Dated: April 5, 2007                         By:     /s/ R. Richard Hopp_____
                                                                               Charles W. Gilligan, DC Bar No. 394710
                                                                               R. Richard Hopp, DC Bar No. 432221
                                                                               **O'DONOGHUE & O'DONOGHUE LLP**
                                                                               4748 Wisconsin Avenue, N.W.
                                                                               Washington, D.C.  20016
                                                                               (202) 362-0041—Telephone
                                                                               (202) 237-1200—Facsimile

153243_1.DOC                                                                             Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING,<br><br>    Plaintiff,<br><br>    v.<br><br>HIGH MOUNTAIN INSPECTION SERVICES, INC.,<br><br>    Defendant. | Civil Action No. 06-2177 (RJL) |

### DEFENDANT'S STATEMENT OF THE CASE

Plaintiff and Defendant are parties to a collective bargaining agreement ("CBA"). The CBA requires Defendant to make contributions to a pension fund ("Fund"). Defendant made contributions the Fund based upon its understanding of the relevant provision of the CBA. The Fund conducted an audit and, some 14 months later, provided an audit report to Defendant. Defendant disputes the audit findings regarding the contribution rate and underreporting of hours.

Dated: this 4th day of March, 2007    Respectfully submitted,

    By:    /s/ Kevin M. Kraham
    Alison N. Davis, DC Bar No. 429700
    Kevin M. Kraham, DC Bar No. 459077
    FORD & HARRISON LLP
    1300 19th Street, N.W., Suite 700
    Washington, DC 20036
    Tel (202) 719-2000
    Fax (202) 719-2077

    Attorneys for Defendant High Mountain Inspection Services, Inc.

DC:65445.1