## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL R. FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CA No.: 06cv02177-RJL |
| HIGH MOUNTAIN INSPECTION SERVICES, INC. | ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION TO CONTINUE STATUS CONFERENCE

Plaintiff, Michael R. Fanning, Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, through undersigned counsel, hereby opposes the Defendant's request to continue the status conference currently scheduled for December 4, 2007, at 11:30 a.m., and for reasons states as follows:

1.      The Status Conference will be an excellent opportunity for the parties to inform the Court of relevant developments occurring in the United States Bankruptcy Court for the District of Wyoming (Case No. 07-20314.)

2.      On April 14, 2007, Counsel for High Mountain appeared before this Court and affirmatively stated, in an effort to avoid preliminary injunctive relief, that High Mountain was "a solvent company," and "was meeting its obligations to its creditors." (See Docket No. 17, page 2.)  Perhaps most importantly, Counsel for High Mountain represented to this Court that "there is no real threat of bankruptcy," and that High Mountain "was not on the verge of bankruptcy." (Docket No. 17, pages 2 and 7.)

3.      Notwithstanding these representations, High Mountain filed for bankruptcy protection in the United States Bankruptcy Court for the District of Wyoming a short time later.

4.    The United States Department of Justice's Bankruptcy Trustee for Region 19, Charles F. McVay, has filed a Motion to Dismiss High Mountain's Wyoming bankruptcy proceeding. (Case No. 07-20314, Docket No. 87) (copy attached). The Department of Justice has moved to dismiss High Mountain's bankruptcy, because, among other reasons:

> Since the filing [of the bankruptcy action] the Debtor seems to have conducted its business as though the Chapter 11 did not exist, at least with respect to all or most of its creditors, except for the [International Union of Operating Engineers]. This indicates that this case is really about a one creditor dispute, which involves the interpretation of a labor agreement between the union and the Debtor. This dispute has been on-going for some time and appears to involve language which applies not only to the Debtor's contract but to the national contract as well. Therefore, it would seem appropriate to dismiss this case to allow resolution of the labor dispute in a more appropriate forum.

(Case No. 07-20314, Docket No. 87, ¶ 10.)

5.    The Status Conference scheduled for December 4, 2007, at 11:30 a.m. will permit the parties to inform the Court of these developments and allow the Court to ask questions about the status of the bankruptcy proceedings and how best to proceed in the instant matter.

6.    No party will be prejudiced by appearing at the Status Conference.

Accordingly, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Continue Status Conference and that the conference be held as scheduled.

Dated: November 29, 2007

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 277-1200

_____
Charles W. Gilligan (Bar No. 394710)
R. Richard Hopp (Bar No. 432221)

*Attorneys for the Central Pension Fund*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND )<br><br>Plaintiff, )<br><br>v. )<br><br>HIGH MOUNTAIN INSPECTION SERVICES, INC. )<br><br>Defendant. ) | CA No.: 06cv02177-RJL |

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November 2007, Plaintiff's Opposition to the Defendant's Motion to Continue Status Conference was served by first class mail, postage prepaid, and by the Court's electronic filing system on the following:

Alison N. Davis
Kevin M. Kraham
Ford & Harrison LLP
1300 – 19th Street, N.W., Suite 700
Washington, D.C. 20036
*Attorneys for Defendant*

170516_1

_____
R. Richard Hopp

*Fanning v. High Mountain*
CA No. 06cv02177-RJL


Attachment to
Plaintiff's Opposition to Defendant's
Motion to Continue Status Conference

CHARLES F. MCVAY
UNITED STATES TRUSTEE
REGION 19

MICHELE R. HANKINS
ASSISTANT U.S. TRUSTEE
308 West 21st Street, Room 203
Cheyenne, Wyoming 82001
307-772-2790


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| HIGH MOUNTAIN INSPECTION | ) | |
| SERVICES, INC., | ) | Case No. 07-20314 |
| | ) | Chapter 11 |
| Debtor. | ) | |


**UNITED STATES TRUSTEE'S AMENDED MOTION
TO DISMISS OR CONVERT CASE AND NOTICE THEREOF**

The United States Trustee ("UST"), in support of his Amended
Motion to Dismiss or Convert Case pursuant to 11 U.S.C. §
1112(b)(1) and (4), states as follows:

1.  This voluntary chapter 11 case was filed by the Debtor
on May 21, 2007.

2.  The 11 U.S.C. § 341 Meeting of Creditors ("§ 341
Meeting") was held on June 18, 2007.  The Debtor testified at
said Meeting that it intended to reorganize either by rejecting
its current collective bargaining agreement with the
International Union of Operating Engineers, or by renegotiating
the agreement, failing which the Debtor would sell its business.

3.    A review of the Monthly Financial Reports provided by
the Debtor appears to indicate that the Debtor has been making
post-petition payments by checks on various pre-petition debts.
The following payments were made in close proximity to the
petition:

| Check# | Date | Payee | Amount |
|--------|------|-------|--------|
| 1012 | 5/30/07 | Freeway Tire | $ 1,592.41 |
| 1015 | 5/30/07 | Qwest | $   377.81 |
| 1018 | 5/30/07 | Verizon Wireless | $21,572.70 |

It seems unlikely that the Debtor received the services or
products after 05/21/07, was billed and paid the bills within 9
days.

The Debtor argues (Objection to Motion to Dismiss or
Convert) that those payments were made for debts which, while
incurred pre-petition, were not due until post-petition.  Such an
argument ignores the definition of a claim in bankruptcy as
defined in §101(5).

4.    The Debtor asserts in the Objection to Motion to Dismiss
or Convert that the pre-petition tax obligations were not due on
the date of filing and did not become due until June 15, 2007.
The due date of tax returns and the last day in which payment can
be made without penalty or interest does not create the debt.
The debt or tax obligation is created at the time the underlying
payroll to employees is made.  Again, Debtor should reference to
§101(5) for a definition of a claim in a bankruptcy context.  The

Debtor further asserted a "no harm, no foul" defense based upon the likelihood of the tax obligations qualifying as Priority Claims. Whether or not Priority Claims will be paid in full in this case has yet to be determined.

5. The Debtor has allowed in excess of $225,00.00 of checks written pre-petition to clear the bank post-petition. Such transactions constitute post-petition transfers because a transfer made by check is deemed to have occurred on the date a check clears. *Barnhill v. Johnson*, 503 U.S. 393, 112 S.Ct. 1386)(1992).

A substantial portion of the checks in question were for pre-petition wages. The UST understands that the Debtor needed to retain its workers if it is to continue to operate in a chapter 11. Under such circumstances, however, a debtor must seek court approval to pay pre-petition wages by filing an emergency motion, which this Debtor failed to do.

6. The Debtor has entered into two loan agreements – one loan for $75,834.32 and the other for $75,719.99, with Daimler Chrysler in August of 2007. Based on the increased value of the vehicles in the corresponding period, it appears that the Debtor purchased additional vehicles; it is not clear how many, however, and whether trade-ins were used in addition to the two loans.

7. On July 25, 2007, the Debtor made a payment of $12,234.20 to Ford & Ferguson, which appears to be a law firm located on the East Coast. No court authorization was obtained

to retain and/or pay said law firm.

8. The Debtor appears to have had significant assets and liabilities which it failed to disclose in its original petition.

9. Additional details and documents related to the problems outlined in paragraphs 3-8 are provided in the Affidavit of Peter Gullicks, Bankruptcy Analyst for the OUST, filed concurrently therewith.

10. Since the filing the Debtor seems to have conducted its business as though the Chapter 11 did not exist, at least with respect to all or most of its creditors, except for the union. This indicates that this case is really abut a one creditor dispute, which involves the interpretation of a labor agreement between the union and the Debtor. This dispute has been on-going for some time and appears to involve language which applies not only to the Debtor's contract but to the national contract as well. Therefore, it would seem appropriate to dismiss this case to allow resolution of the labor dispute in a more appropriate forum.

11. The Debtor's conduct as outlined above and in Mr. Gullicks's Affidavit constitutes "cause" under § 1112(b) (1) and (4). Section 1112 does not define the term "cause." Rather, the section simply enumerates examples of cause. Further, the list enumerated in § 1112(b) is not exclusive and a court may convert or dismiss a chapter 11 case for reasons other than those specified in said section. *Collier on Bankruptcy*, ¶

1112.01[2][a] at 1112-8.1 (15th Ed. Rev.)

WHEREFORE, the United States Trustee respectfully prays this Court to either dismiss or convert this case, whichever is in the best interest of the creditors and the estate, and for such other relief as this Court deems fair and equitable.

**NOTICE IS HEREBY GIVEN**

that the United States Trustee ("UST"), by and through his undersigned counsel, has filed an Amended Motion to Dismiss or Convert Case.

You are notified that if you desire to oppose this Motion, you must file with the United States Bankruptcy Court, 2120 Capitol Avenue, Suite 6004, Cheyenne, WY 82001, and serve on the undersigned a written objection to the requested relief on or before 23 days from the date this pleading was filed. In the absence of a timely objection, the relief sought may be granted by the Court without further hearing. If you file a written response, the Court will set the matter for, and provide notice of, a hearing.

Dated: November 15, 2007

Respectfully submitted,

                              CHARLES F. McVAY
                              United States Trustee


                    BY:_____/S/_____
                              Michele R. Hankins
                              Assistant U.S. Trustee